```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
MARKER VOLKL (INTERNATIONAL) GMBH,                            :   **OPINION AND ORDER**
                                                              :   **CONFIRMING ARBITRATION**
                    Petitioner,                               :   **AWARD**
                                                              :
    -against-                                                 :
                                                              :   12 Civ. 8729 (AKH)
EPIC SPORTS INTERNATIONAL, INC. and                           :
CAPSTONE BUSINESS CREDIT, LLC,                                :
                                                              :
                    Respondents.                              :
                                                              :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Marker Völkl (International) GmbH ("Marker Völkl"), a Swiss corporation, petitions pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, as codified in 9 U.S.C. § 201, *et seq.*, (the "New York Convention" or "Convention"), to confirm the final arbitration award of November 6, 2012 (the "Final Award"), in its dispute with two American companies, Epic Sports International, Inc. ("Epic") and Capstone Business Credit, LLC ("Capstone"). Petitioner moves for entry of money judgment against Respondents in the amount stated in the Final Award. Respondents answer by raising various counterclaims and requesting that judgment be stayed pending adjudication of these same counterclaims in New York Supreme Court. Petitioner moves to dismiss Respondents' counterclaims or, alternatively, to enter final judgment on the petition pursuant to Fed. R. Civ. P. 54(b).

On October 1, 2008, Marker Völkl entered into a license agreement with Epic, a Nevada corporation, to sell and distribute Marker Völkl tennis gear (the "Agreement"). Marker Völkl also entered into a guarantee agreement with Capstone, a New York corporation, whereby

Capstone guaranteed Epic's financial obligations to Marker Völkl. Both agreements provided for the arbitration of disputes in accordance with the Swiss Rules of International Arbitration.

On September 9, 2011, Marker Völkl terminated the license Agreement with Epic and demanded payment for outstanding royalties. Epic and Capstone refused payment. On February 10, 2012, Marker Völkl initiated an arbitration in Switzerland before Arbitrator Joachim Knoll. In response, Epic raised a series of counterclaims alleging that after terminating the Agreement, Marker Völkl continued to sell and distribute tennis racquets designed and manufactured from molds created by Epic. Epic claimed that Marker Völkl thereby misappropriated Epic's intellectual property. Epic also filed a separate action in New York Supreme Court based on these counterclaims (the "State Court Action"). Epic Sports Int'l, Inc. f/k/a Klip America, Inc., et al. v. Sean Frost, et al., Index No. 651599/2012 (Sup. Ct. N.Y. County 2012). The Arbitrator requested clarification on his jurisdiction to hear Epic's counterclaims and Respondents subsequently withdrew their claims from the arbitration proceedings entirely.

On November 6, 2012, the Arbitrator issued a written award finding that Marker Völkl had a legitimate contractual reason to terminate the Agreement. The Final Award required Respondents to pay Marker Völkl EUR 300,000 plus interest and partial compensation for legal and arbitration costs. Pursuant to Article 32(2) of the Swiss Rules of Arbitration and Article 190(1) of the Swiss Private International Law Act, the arbitration award is "final and binding on the parties."

On April 22, 2013, the New York Supreme Court dismissed Epic's State Court Action for lack of personal jurisdiction and ineffective service. Epic Sports Int'l, Index No. 651599/2012 at 10 (Apr. 22, 2013). The New York Court held that Epic's claims of

misappropriation of its intellectual property did not arise from "any action that took place in connection with the [Agreement]." Id. at 10. The court also rejected the claim that Marker Völkl misappropriated Epic's intellectual property, finding that "there was no protected intellectual property." Id. at 11.

This Court has jurisdiction and authority to enforce a foreign arbitration award in a dispute between the corporations of two nations that have signed and ratified the New York Convention. 9 U.S.C. §§ 203, 207. Switzerland ratified the Convention in 1965; the United States in 1970. A federal court's review of an arbitration award is "severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation," Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71-72 (2d Cir. 2012) (internal citations and quotation marks omitted). "The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholtz, 750 F.2d 171, 176 (2d Cir. 1984).

Pursuant to 9 U.S.C. § 207, this Court "shall confirm [an arbitral award falling under the New York Convention] unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the Convention." The New York Convention provides only seven limited bases upon which a court may decline to "recogni[ze] and enforce[]" an arbitration award:

1. The parties to the agreement…were…under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it…; or

2. The party against whom the award is invoked was not given proper notice…of the arbitration proceedings or was otherwise unable to present his case; or

3

3. The award...contains decisions on matters beyond the scope of the submission to arbitration...; or

4. The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties...; or

5. The award has not yet become binding on the parties, or has been set aside or suspended...; [or]

6. The subject matter of the difference is not capable of settlement by arbitration under the law of [the country where recognition and enforcement is sought]; or

7. The recognition or enforcement of the award would be contrary to the public policy of [the country where recognition and enforcement is sought].

New York Convention art. V(1). The party opposing enforcement has the burden to prove one of these limited defenses. Zeiler v. Deitsch, 500 F.3d 157 (2d Cir. 2007).

Respondents' counterclaims do not implicate any of the seven possible defenses to recognition and enforcement of the arbitration award. Respondents' counterclaims involve an alleged misappropriation of intellectual property after termination of the Agreement. As noted by the New York Supreme Court, the alleged misappropriation does not arise from "any action...in connection with the [Agreement]." Epic Sports Int'l, Index No. 651599/2012 at 10 (Apr. 22, 2013). Having been dismissed by the New York court, Respondents' counterclaims have been adjudicated and cannot constitute a sound reason to justify delay. Respondents themselves admitted, in withdrawing these claims from the arbitration proceeding, that the counterclaims "are not subject to [the Arbitrator's] jurisdiction" and "are not subject to the arbitration agreement." Final Award ¶ 32.

In the absence of proof that one of the seven defenses to recognition and enforcement of the arbitral award applies, a district court "shall confirm the award." 9 U.S.C. § 207. "Actions to confirm arbitration awards...are straightforward proceedings in which no other claims are to be adjudicated....[T]he court properly may consider only the statutory bases for modifying or vacating an award and challenges to the award's clarity. Ottley v. Schwartzberg, 819 F.2d 373, 377 (2d Cir. 1987); see also Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc., 126 F.3d 15, 20 (2d Cir. 1997) ("the grounds for relief enumerated in Article V of the Convention are the only grounds available for setting aside an arbitral award"); Int'l Trading & Indus. Inv. Co. v. DynCorp Aerospace Tech., 763 F. Supp. 2d 12, 28 (D.D.C. 2011) ("Under Article V of the Convention, the Court's refusal to confirm an arbitral award is limited to only those situations where a party furnishes proof that one of the enumerated provisions applies") (internal quotation marks omitted); Zeiler, 500 F.3d at 169 (limiting proceedings to confirm awards to a consideration of "the limited statutory conditions for confirmation or grounds for refusal to confirm").

To allow Respondents to raise counterclaims unrelated to the statutorily enumerated defenses and already adjudicated by the New York Supreme Court would raise serious *res judicata* concerns and frustrate the goals of arbitration—to settle disputes efficiently and avoid litigation—and the "principal purpose" of the New York Convention—"to encourage the recognition and enforcement of commercial arbitration agreements in international contracts." Int'l Trading, 763 F. Supp. 2d at 28. Confirmation of an arbitral award "under the Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or

5

grounds for refusal to confirm." Zeiler, 500 F.3d at 169. Respondents' counterclaims ought to be, and indeed were, litigated as a separate action.

Marker Völkl's petition to confirm the arbitration award is granted, and Respondents' counterclaims are dismissed. The Clerk shall enter judgment against Respondents in the amount stated in the Final Award, mark Petitioner's motion to dismiss terminated (Doc. No. 12), and mark the case closed.

SO ORDERED

Dated: April ⬚, 2013
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

6